UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL STELIOS ANDREAKOS,

CASE No. 8:17-CV-834-T-23TGW

v.

HOME DEPOT, INC.,
SEDGWICK, INC.

## REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint (Doc. 3). The plaintiff alleges that he was injured when he was struck from behind by a Home Depot employee pushing a cart containing 500 pounds of plywood (id., p. 1).[*]

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. However, even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

---

[*] The plaintiff filed a lawsuit alleging the same facts in case no. 8:14-cv-1897-T-27TBM. That case was dismissed without prejudice because the plaintiff did not pay the filing fee or substantiate that he was unable to afford the filing fee after his release from jail (see Docs. 7, 10). The plaintiff is presently incarcerated.

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers....this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The plaintiff's complaint fails to state a claim upon which relief may be granted. It is patently deficient because it fails to comply with the Federal Rules of Civil Procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993)(pro se litigants must comply with procedural rules that govern pleadings). Specifically, Rule 8(a), F.R.Civ.P., provides that a complaint must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement showing that the pleader is entitled to relief; and a demand for the relief sought. The complaint does not comply with these procedural requirements.

The plaintiff appears to allege a common law negligence claim against Home Depot. However, the complaint does not articulate a factual or legal basis for his lawsuit against defendant Sedgewick, Inc.

It is noted that the plaintiff's pleading form is titled "Civil Rights Complaint Form" (Doc. 1), but there is no basis for such a claim. Among other

deficiencies, it is not even alleged that a state actor is involved. See Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016)(to establish a claim under 42 U.S.C. 1983, a plaintiff must prove: (1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors).

Concomitantly, the plaintiff has not established that this court has jurisdiction over his claim(s). See Rule 8(a)(1), F.R.Civ.P. (a pleading "must contain a short and plain statement of the grounds for the court's jurisdiction"). The plaintiff, as indicated, has not alleged a violation of a federal law; rather, his pleading only indicates a state-law claim. Where there is no claim based on a violation of federal law, the plaintiff must include in his complaint allegations which support diversity jurisdiction. See Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (noting the federal court's limited congressional grant of jurisdiction). Diversity jurisdiction is established when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The plaintiff has failed to identify the citizenship of the defendants.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to

-3-

state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.).

I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: April 26, 2017

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.