UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL ANDREAKOS,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-834-T-23TGW

HOME DEPOT, INC., et al.,

    Defendants.
_____/

## ORDER

Appearing *pro se*, Earl Andreakos sues (Doc. 1) Home Depot, Inc., and Sedgewick, Inc, and moves (Doc. 2) for leave to proceed *in forma pauperis*. In accord with 28 U.S.C. § 1915(e)(2)(B)(ii), Magistrate Judge Wilson recommends (Doc. 5) dismissing the complaint for failure to state a plausible claim and recommends permitting Andreakos to amend the complaint. Andreakos offers no objection to the report and recommendation.

## DISCUSSION

On August 8, 2014, Andreakos sued Home Depot, "Insurance Co.," and "Dave." Case no. *8:14-cv-1897-JDW-TBM*. Because Andreakos failed to pay the filing fee or provide an affidavit of indigency, a March 2, 2015 order (Doc. 10 in *8:14-cv-1897*) dismisses the action without prejudice.

Nearly three years later, Andreakos sues again. Although the complaint in this action omits a claim, Andreakos' factual allegations appear to allege negligence by Home Depot. Andreakos alleges that "Dave," a Home Depot employee,

"careless[ly]" pushed a cart loaded with plywood into Andreakos's back. (Doc. 1 at 5–8) The incident allegedly caused "nerve" and "spin[al]" damage, for which Andreakos requests $100 million. (Doc. 1 at 8–10) Also, Andreakos alleges that the injury caused "mental suffering," which purportedly caused Andreakos' homelessness. (Doc. 1 at 10)

As Magistrate Judge Wilson explains, the complaint suffers from several defects. First, the complaint omits a jurisdictional statement. Under Rule 8(a), Federal Rules of Civil Procedure, a plaintiff must include a "short and plain statement of the grounds for the court's jurisdiction." No federal question appears. To invoke diversity jurisdiction under 28 U.S.C. § 1332, Andreakos must allege each party's citizenship, but Andreakos fails to identify his citizenship, Home Depot's citizenship, and Sedgewick's citizenship. Second, Andreakos fails to allege a claim, for example, negligence against Home Depot. Third, Rule 8(a)(2) requires Andreakos to allege facts sufficient to state a plausible claim against Sedgewick, but Andreakos fails to explain Sedgewick's connection to the alleged incident.

## CONCLUSION

Magistrate Judge Wilson's report and recommendation (Doc. 5) is **ADOPTED**, and the complaint is **DISMISSED**. No later than **JUNE 19, 2017**, Andreakos must amend the complaint to remedy the defects identified in this order and in the magistrate's report. The failure to timely amend the complaint will result in the dismissal of this action without further notice.

Also, Andreakos requests the appointment of a "federal attorney." (Doc. 1 at 11)  But a *pro se* litigant enjoys no right to an appointed attorney in a civil action. Although litigating in federal court is difficult, the court cannot assist a party (even a *pro se* party) in conducting an action.  The plaintiff can contact The Florida Bar for a list of organizations that provide free or low-cost legal service to an eligible person.

ORDERED in Tampa, Florida, on May 12, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE